IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Kathy Dunn,                         )
                                    )
    Plaintiff,                      )
                                    )
                                    )
    v.                              )        No. 25 C 9521
                                    )
                                    )
Cook County *et al.*,               )
                                    )
    Defendants.                     )

Memorandum Opinion and Order

Plaintiff Kathy Dunn worked for defendant Cook County Department of Public Health ("CCDPH"), a constituent of defendants Cook County and the Cook County Health and Hospital System. They fired her, and she sued. Defendants filed a motion to dismiss, and I granted it as to most of Dunn's claims. Dunn then moved to amend her complaint, and defendants opposed her motion on *res judicata* grounds. I granted Dunn's motion to amend. Defendants ask me to reconsider my decision. I decline to do so.

1

## I.

Defendants employed Dunn for several decades before firing her in August 2023.[1] Dunn contested her firing through an administrative body, the Cook County Employee Appeals Board ("EAB"), in September 2023. While her case was pending with the EAB, Dunn filed a sex and age discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), in April 2024. The EAB dismissed Dunn's case in May 2024, and Dunn filed for a review of that decision in Cook County circuit court in October 2024. The EEOC issued a right to sue letter in May 2025. Dunn filed her initial complaint in this case in August 2025. Defendants filed their first motion to dismiss in this case in October 2025, and that motion was pending before me when the Circuit Court affirmed the EAB's dismissal of Dunn's administrative appeal on the last day of that same October.

In January 2026, I granted defendants' motion in part and dismissed most of the pending counts. Dunn's complaint listed twelve (a typographical error omitted Count VIII, so while they were labeled I-XIII, they numbered only a dozen): I-III went to

---

[1] Readers can find a more detailed accounting of the facts in my previous memorandum addressing defendants' motion to dismiss. *Dunn v. Cook County*, 816 F. Supp. 3d 858, 864-65 (N.D. Ill. 2026).

Title VII; IV-VI went to the Americans with Disabilities Act; VII-X went to the Age Discrimination in Employment Act ("ADEA"); XI went to the Family and Medical Leave Act ("FMLA"); XII alleged to a worker's compensation claim; and XIII alleged the intentional infliction of emotional distress. I dismissed all but Counts I and XII, finding that, for the most part, Dunn had failed to present her complaints to the EEOC and thereby had failed to exhaust her administrative remedies. In contrast, as to Counts VII and XI, I found that while Dunn had presented those claims to the EEOC, she had pled insufficient facts to support them. Defendants then filed an answer in February 2026.

In March 2026, Dunn moved for leave to amend her complaint to add facts to support her claims in Counts VII and XI. I granted that motion. *Dunn v. Cook County*, ---F. Supp. 3d---, 2026 WL 1266153, at *3 (N.D. Ill. May 8, 2026). Before me is defendants' motion for reconsideration.

## II.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted). Decisions on motions for reconsideration rest within my

3

sound discretion. *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 852 (7th Cir. 2010).

### III.

Defendants opposed Dunn's amendment on two grounds, both of which are relevant to their instant motion. The first was that, they argued, because I had neglected to specify whether I had dismissed Counts VII and XI with prejudice, Federal Rule of Civil Procedure 41(b) acted to make the dismissal prejudicial. While defendants were right about Rule 41 in the context of a cold record, they were incorrect in the sense that I, as the trial court, could clarify that I had intended to dismiss those counts, given that they were easily re-pleadable, without prejudice.[2]

Defendants' second ground was that Counts VII and XI were barred by *res judicata*.[3] A sub-category of *res judicata* prohibits what is called 'claim-splitting,' where a plaintiff maintains suits in different venues for claims which arise from the same nexus of fact. Where a complainant has brought some claims stemming from an incident in one court and received an adjudication on the merits, she cannot afterwards maintain other claims from that same

---

[2] For more, *see Dunn v. Cook County*, ---F. Supp. 3d---, 2026 WL 1266153, at *3 (N.D. Ill. May 8, 2026).

[3] *See id.* at *3-*6 for an argument and decision I now summarize in brief.

incident against the same defendant in some other court. And under the doctrine of 'merger and bar,' it is immaterial whether the first court passed on the claims presented to the second; if the complainant *could* have brought them in the former court, she cannot then bring them in the latter.

Illinois circuit courts enjoy general jurisdiction, which means that Dunn could have brought her ADEA and FMLA claims (and, indeed, all of her claims in this case) alongside her administrative review claim in Cook County circuit court. So, when the Cook County circuit court affirmed the EAB's dismissal of Dunn's appeal, that worked as a final adjudication on the merits, under the claim-splitting rule, as to her ADEA and FMLA claims. They were, thus, barred by *res judicata*.

I agreed with defendants that Dunn could have, and should have, brought her ADEA and FMLA claims alongside her administrative appeal in state court. But I found that, by failing to bring up claim splitting or *res judicata* in that court or in mine before March 2026, defendants had acquiesced to the claim split. It is that final decision of mine that defendants ask me to reconsider, contending that in so deciding, I committed a manifest error of law.

**IV.**

**A.**

Most of defendants' briefs have directed themselves to a decision I did not make—that they waived a *res judicata* defense—for reasons that I did not cite in making it. Their argument proceeds like this. Federal Rule of Civil Procedure 12 governs, in part, how litigants must present defenses. Rule 12(g)(2) provides that parties who file a motion to dismiss under 12(b) will waive any grounds that they fail to assert in that motion. Rule 12(h) provides an exception which says that notwithstanding any prior motion under Rule 12(b), a party may raise a defense either in a motion for judgment on the pleadings under Rule 12(c) or in any pleading under Rule 7(a). And Rule 7(a) includes answers to complaints.

Defendants did not originally raise *res judicata* as to Counts VII and XI because, they argue, the time had not yet come—they wanted to move to dismiss under Rule 12(b)(6) first, and nothing in the rules obligated them to raise *res judicata* before, at least, an answer. And then when they did file an answer, in February 2026, they had no reason to raise a *res judicata* defense as to Counts VII and XI because those counts were, at that point, dismissed, and dismissed, defendants believed, with prejudice. It was only after I decided that Counts VII and XI had not been dismissed with

6

prejudice and had allowed Dunn to replead them that defendants could be forced by the rules to raise a *res judicata* defense in an answer to that amended complaint. And as a corollary, they could not have waived the defense by failing to raise it before then.

All of defendants' arguments are correct, but they go to the wrong question. At no point in my previous memorandum did I find that defendants had *waived* a *res judicata* defense because the Federal Rules require the raising of *res judicata*, as a matter of law, in a defendant's first filing or first Rule 12 motion.[4] Rather,

---

[4] Defendants also argue that I cannot have expected them to raise *res judicata* in a Rule 12 motion because it is "[u]nsuitable" to do so. ECF 42 at 5. Leaving aside that defendants had other options to bring their objection to my or the state court's attention, including moving for a stay, this argument is misguided.

Defendants cite *Walczak v. Chicago Bd. of Ed.* for the proposition that, because "[c]laim preclusion is an affirmative defense," the "proper procedure is to raise the defense and then move for judgment on the pleadings." 739 F.3d 1013, 1016 n.2 (7th Cir. 2014). They are not wrong that that is usually the case. But a 12(b) motion *can* be the proper vehicle for *res judicata*, as it can for a statute of limitations, when the basis for the defense is plain on the face of the complaint. *Burton v. Ghosh*, 961 F.3d 960, 965 (7th Cir. 2020). And here, it was apparent on the face of the complaint.

Defendants also object that defendants in general cannot be made to divulge their affirmative defenses before they have forced the plaintiff to clarify, through 12(b)(6) practice, what exactly her legal theories are. But that argument has no purchase here, where it was clear from the outset that, whatever Dunn's theories were, they were *all* going to be barred by the claim splitting doctrine.

I found that defendants' failure to raise claim splitting in any way, in this case or in the state case, during the months that both were pending, constituted acquiescence, not waiver, under the Second Restatement of Judgments as adopted by Illinois law. I will reiterate why I made that finding and address those of defendants' arguments which touch on it.

**B.**

Federal courts apply *res judicata* according to the preclusion law of the state that rendered the prior judgment in question. *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). Illinois recognizes a subset of *res judicata* which prohibits claim splitting. *Thorleif Larsen and Son, Inc. v. PPG Industries, Inc.*, 532 N.E.2d 423, 426–27 (Ill. App. Ct. 1988). When considering questions of *res judicata*, Illinois courts look to the Second Restatement of Judgments for guidance, and they have specifically adopted Section 26 of the Restatement and its comments. *Id.*

Section 26 lays out certain circumstances in which the rule against claim splitting does not apply, including where "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein." Restatement (Second) of Judgments § 26 (1982). Comment a to Section 26 then reads, in relevant part:

> Where the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and

> in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action. The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim. *See* Illustration 1.

And then the illustration to Comment a reads:

> After a collision in which A suffers personal injuries and property damage, A commences in the same jurisdiction one action for his personal injuries and another for the property damage against B. B does not make known in either action his objection (usually called "other action pending") to A's maintaining two actions on parts of the same claim. After judgment for A for the personal injuries, B requests dismissal of the action for property damage on the ground of merger. Dismissal should be refused as B consented in effect to the splitting of the claim.

Illinois courts have referenced this section and these commentaries specifically in finding acquiescence. *E.g. Piagentini v. Ford Motor Co.*, 901 N.E.2d 986, 996 (Ill. App. Ct. 2009); *American Family Mut. Ins. Co. v. McGrath*, 2011 WL 10069368, at *3–*4 (Ill. App. Ct. 2011).

Dunn filed her state court case in October 2024. She filed this case in August 2025. From the time of that filing, she was "simultaneously maintaining separate actions based upon parts of the same claim." Restatement (Second) § 26 Cmt. a. Defendants did not, at that time, raise an objection in state court or federal court or move for a stay in either case. Instead, they waited. They waited not just until it was time to file their first motion

9

in this case or until the state case ended or until that judgment became final; they waited until after filing an answer as to two counts, until Dunn had moved to amend, to raise their *res judicata* defense. The rule, as adopted by the Illinois courts, required something, anything, here or in state court, sooner than that.

Defendants protest, referring to the comment to the Restatement, that they did not "agree in terms or effect" to Dunn's claim splitting. For support, they cite *Gibbs v. Abt Electronics, Inc.*, 2025 WL 2418458, at *3 (N.D. Ill. Aug. 21, 2025), whose claim splitting decision was based entirely on *Dinerstein v. Evanston Athletic Clubs, Inc.*, 64 N.E.3d 1132 (Ill. App. Ct. 2016). The precept that *Gibbs* takes from *Dinerstein* is that "'mere silence alone cannot be sufficient to establish an agreement in effect.'" *Gibbs*, 2025 WL 2418458, at *3 (quoting *Dinerstein*, 64 N.E.3d at 1147). But this quote has nothing to do with acquiescence.

In *Dinerstein*, an original case was filed and set for trial. 64 N.E.3d at 1143. Shortly before the trial date, the parties presented a joint motion for a continuance on the ground that neither party was ready. *Id.* The court denied that motion. *Id.* Plaintiff's counsel later claimed that, after the denial, defense counsel approached to discuss "'[t]he option of securing a voluntary dismissal without prejudice, *so the case could be refiled* and the trial date would be avoided.'" *Id.* (emphasis in original).

10

Pursuant to this putative agreement, plaintiff voluntarily dismissed the case and then, later, refiled. *Id.* at 1143-44.

In response to the refiling, the defense raised claim splitting. *Id.* Plaintiff then argued that an exception to the claim splitting rule applied because the parties had agreed to a refiling. *Id.* at 1138. In evaluating that defense, the *Dinerstein* court looked to the Restatement as cited in *Piagentini*. *Id.* at 1144-45. The court noted that the Restatement allowed parties to engage in claim splitting where they have "'agreed in terms *or* in effect that plaintiff may split his claim *or* the defendant has acquiesced therein,'" and found that the Restatement allowed either agreements in terms or agreements in effect or acquiescence in the absence of any agreement. *Id.* at 1145 (quoting the Restatement of Judgments § 26(1)(a)) (emphasis in original). The court found that acquiescence was not at issue because "acquiescence is the failure to object to claim-splitting once the action is filed" and "defendant's first responsive pleading in the refiled action raised the *res judicata* bar." *Id.* at 1146. The passage quoted in *Gibbs* said that a plaintiff could not establish an *agreement* to split claims with silence; it has nothing to do with whether defendants can acquiesce through inaction. *Id.* at 1147. And *Gibbs* is not on point regardless—it has to do with claim splitting not in a situation like the one here, but in a more

11

convoluted class action context which implicates questions of law and policy that this case does not. 2025 WL 2418458, at \*1-\*3.

Defendants' arguments are misplaced because they fail to understand that not all subsets of *res judicata* are the same legal animal. Defendants raise the Full Faith and Credit Act ("FFCA"), which provides that state court judgments "shall have the same full faith and credit in every court within the United States...as they have by law or usage in the courts of such state...from which they are taken." 28 U.S.C. § 1738. Defendants urge that this language creates a bar on revisiting state court judgements that is practically jurisdictional in nature. ECF 47 at 12.

Defendants are correct, but to no avail. Both the FFCA and *res judicata* prevent me from allowing state court litigants to get a do-over in federal court—to do so would implicate questions of federalism and sovereignty, and to do so with any regularity would cause our court system to implode. But the claim-splitting context is not quite the same as the claim preclusion context. In the latter, I would be altering or wiping away a state court judgement; in the former, I do not step on the state court's toes at all. Both claim splitting and claim preclusion promote judicial economy and discourage duplicative litigation, but "'*res judicata* focuses on protecting the finality of judgements,'" whereas "'*claim splitting is more concerned with the district court's*

12

*comprehensive management of its docket*.'" *Telamon Corp. v. Charter Oak Fire Ins. Co.*, 2016 WL 67297, at *2 (S.D. Ind. Jan. 5, 2016, *aff'd* 850 F.3d 866 (7th Cir. 2017) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)) (emphasis mine).

If Dunn had raised her claims and had them adjudicated in state court, claim preclusion and the FFCA would absolutely prohibit me from revisiting those judgments, and with good reason. But where she did not, and her unraised claims only fall within the ambit of *res judicata* because of the doctrine of merger and bar, well, then the litigants have entered a country whose currency is judicial economy. And defendants have spent that coin unwisely.

That Dunn was claim splitting was apparent on the face of her first federal complaint. As I found in my previous opinion, *res judicata* would have barred the suit from the moment it was filed, and a motion on those grounds would have ended the entire case with one straightforward decision. Instead, I decided defendants' Rule 12(b)(6) motion, decided over their opposition Dunn's motion for leave to amend, and am now deciding a motion to reconsider my decision on that previous motion. And defendants have hinted that I will soon have to decide another *res judicata* motion as to Counts I and XII.[5] Defendants were not obligated by

---

[5] Defendants' reply brief asserts that, because they have written in their answer to Counts I and XII that those counts "fail to

13

the Federal Rules of Procedure to bring Dunn's claim splitting to

my or the state court's attention in any particular way.[6] But they

---

state a claim," they have preserved a claim-splitting defense as
to those counts. ECF 47 at 2-3. They cite several cases where
courts have described counts barred by statutes of limitations
or claim preclusion as 'failing to state a claim.'

As such, the logic goes, I should read an answer asserting a
boilerplate "failure to state a claim" defense as containing
within it, and preserving, without respect to the context of the
answer, all possible *res judicata* defenses for a later motion
for judgment on the pleadings. I take a dim view of this
argument, and I refer defendants to Rule 8(c)(1). *Bank Leumi Le-
Israel, B.M. v. Lee*, 928 F.2d 232, 235 (7th Cir. 1991).

[6] Defendants have also argued that "this Court held that Defendants
were obligated to plead a *res judicata* defense to Plaintiff's
claims on an all-or-nothing basis...or not at all." ECF 42 at 5.
And they assert that "it is commonplace for courts to adjudicate
*res judicata* on a count-by-count basis in lieu of resolving
whether the defense bars a later action in its entirety." *Id.*
(edited for capitalization). To support this position, they cite
*Ennenga v. Starns*, 2007 WL 9657948, at *1 (N.D. Ill. Dec. 14,
2007) and *Velsicol Chemical, LLC v. Westchester Fire Ins. Ins.
Co.*, 2017 WL 896645, at *1 (N.D. Ill. 2017).

I disagree. First, *Ennenga* and *Velsicol* do not stand for the
principle that a defendant can raise *res judicata* defenses
incrementally. Rather, in each of those cases, defendants raised
*res judicata* as to some counts and not others because *res
judicata* only applied to some counts and not to others. *Ennenga*,
2007 WL 9657948, at *1-*6; *Velsicol*, 2017 WL 896645, at *3-*4.

Second, while defendants may be right that the Federal Rules
could technically permit them to file four separate and
sequential *res judicata* motions to dismiss four different
counts, that kind of piecemeal litigation is exactly what the
policy behind the Federal Rules and the rule against claim
splitting is meant to forestall. *Ennenga*, 677 F.3d 766, 773 (7th
Cir. 2012) ("The policy behind Rule 12(g) is to prevent piecemeal

14

were obligated by Illinois law and the public policy against claim splitting to raise it, either in state court or here, in a way that preserved judicial economy. They did not.

**V.**

Defendant's motion for reconsideration is denied.

Defendants moved in the alternative for a stay of this case pending the outcome in *Gibbs v. Abt Electronics, Inc.*, which is on appeal with the Seventh Circuit at Docket Number 26-1229. There is no guarantee that the Seventh Circuit's decision in *Gibbs* will resolve the question here. It may turn on law specific to class actions or, considering that most of Gibbs's claims were not disposed of through *res judicata*, it may not deal with claim splitting at all. *See Gibbs v. Abt Electronics, Inc.*, 2026 WL 25761, at *1 (N.D. Ill. Jan. 5, 2026) (granting summary judgment). The decision is in any case not likely to come soon, given that Gibbs, as appellant, filed his brief on July 1, 2026. Likewise, I am unlikely to grant the *res judicata* motion defendants have hinted they might file as to Counts I and XII, and the Seventh Circuit's decision in *Gibbs* is very unlikely to speak to that motion, if it

---

litigation in which a defendant moves to dismiss on one ground, loses, then files a second motion on another ground.").

15

comes. As such, this case is going forward regardless of the *Gibbs* decision and, given that discovery will not be significantly more burdensome because Counts VII and XI are now alongside Counts I and XII, I decline to stay the case to wait for that decision.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge
Dated: July 14, 2026

16