IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kathy Dunn, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 25 C 9521 |
| | ) | |
| | ) | |
| Cook County *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Memorandum Opinion and Order

Following a partial dismissal, plaintiff Kathy Dunn moved to amend her complaint. Defendants Cook County, the Cook County Department of Public Health, and the Cook County Health and Hospital System opposed her motion on, *inter alia*, claim splitting grounds. When I found those grounds lacking, defendants re-raised them in a motion to reconsider, which I denied. Defendants now press the same legal theory for the third time, in a motion for judgment on the pleadings. Likewise before me is a motion from Dunn to strike claim splitting defenses from defendants' answer. I deny defendants' motion and grant Dunn's.

**I.**

I assume the parties' familiarity with the facts of the case, but I will lay out the relevant procedural posture.[1] Defendants formerly employed Dunn, and when they fired her, she filed an administrative appeal of that decision. She lost and then appealed the administrative decision in Illinois state court. While the state case was pending, she filed this suit. In mid-October 2025, defendants filed a motion to dismiss in this action, and Dunn lost the state case later that month. In January 2026, I granted defendants' motion in part and dismissed all but two counts of Dunn's complaint. In March 2026, Dunn moved for leave to amend, and defendants opposed, arguing, *inter alia*, that the counts Dunn wished to re-plead were barred by a subset of *res judicata* known as claim splitting.

I granted Dunn's motion and found that the re-pled counts were not barred by the claim splitting doctrine, which exists primarily to preserve judicial economy, because defendants had failed to raise the issue while both cases were pending and had thus acquiesced to the coexistence of both cases. Defendants moved

---

[1] A more detailed treatment of the facts is in the opinion granting Dunn leave to amend, *Dunn v. Cook County*, 832 F. Supp. 3d 827 (N.D. Ill. 2026), while my more relevant rulings on the claim splitting issue can be found in *Dunn v. Cook County*, --- F. Supp. 3d ---, 2026 WL 2030078 (N.D. Ill. July 14, 2026).

to reconsider on the grounds that I had erred in finding waiver of their claim splitting defense. I denied the motion to reconsider because, among other problems, it addressed a waiver finding I had not made and failed to engage with the acquiescence finding that I had made. I also cautioned defendants that if they advanced the same argument as to the two counts I had not dismissed pursuant to their October 2025 motion—which they had hinted they might do in a motion for judgment on the pleadings—that I would not be likely to entertain it.

Defendants have now filed that motion for judgment on the pleadings and have made the arguments I cautioned them against. They move for judgment as to all four remaining counts, raising the same claim splitting defense that I rejected in my previous two rulings. As to Counts VII and XI, which were at issue in the previous rulings, defendants effectively ask me to reconsider those decisions, adding three new, unpersuasive arguments to their prior ones. And as to Counts I and XII, which were not at issue in the previous rulings, defendants add nothing. In neither case do they give me a reason to grant their motion.

**II.**

A grant of judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate if "it appears beyond doubt that the plaintiff cannot prove any facts that would support [her]

claim for relief." *Forseth v. Village of Sussex,* 199 F.3d 363, 368 (7th Cir.2000) (citations omitted). I consider the complaint, answer, and any written instruments attached to those pleadings, accept all allegations in the complaint as true and draw all inferences in favor of the plaintiff. *N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998).

**III.**

Defendants move for judgment as to Counts VII and XI on the basis of three new arguments. They contend that they did not waive a claim splitting defense as to these re-pled counts: (1) because the defense was unripe until the state case ended, meaning that they could not have raised it while both cases were pending; (2) because the defense would not have disposed of the entire case at its outset, meaning there was no reason to raise it until after the motion to dismiss stage and thus they could not have waived it by failing to do so; and (3) because it is improper to find waiver or acquiescence without prejudice to the plaintiff, and there was no prejudice to Dunn here. And then defendants contend that they have not waived a claim splitting defense as to Counts I and XII by rehashing the same arguments I have already rejected twice.

## A. Ripeness

Defendants argue that their claim splitting defense was unripe until the conclusion of the state case, meaning that their failure to raise the issue while both cases were pending cannot have constituted acquiescence. This is wrong in two ways.

First, even if defendants were right that a motion to dismiss based on claim splitting would be unripe until the closure of the first case, that would not prevent them from bringing the fact of the other case to one or both courts' attention and moving for a stay in either.

Second, defendants' argument is simply incorrect. And worse, in a move which has characterized much of their practice in this litigation, they have supported it by citing case law which addresses *res judicata* generally rather than claim splitting specifically. For example, they cite *Berry v. Wells Fargo Bank, N.A.*, 865 F.3d 880, 883 (7th Cir. 2017) and *Will v. Hallock*, 546 U.S. 345, 354 (2006), for the proposition that a prior judgment is a "condition precedent" for application of a claim splitting defense. ECF 51 at 4. There are at least two problems here: (1) *Berry* does not address the issue of when a claim splitting defense ripens; and (2) while *Will* does *say* that a prior judgment is a "condition precedent" for the application of *res judicata*, it does so in the context of a federal law about collateral orders; the

case nowhere discusses claim splitting and only mentions *res judicata* by analogy. 546 U.S. at 354.

Were defendants to have looked for the state of the law as regards claim splitting specifically, they would have found that "[u]nlike *res judicata*, which may only be applied to dispose of an action following a final judgment on the merits in a prior action, courts have applied the doctrine of claim splitting before there is a final judgment in a prior action." *Kim v. Sara Lee Bakery Grp., Inc.*, 412 F. Supp. 2d 929, 941 (N.D. Ill. 2006) (citing *Cent. States, Southeast & Southwest Areas Pension Fund v. Hunt Truck Lines*, 296 F.3d 624, 628 (7th Cir. 2002); *accord Anaya v. DirecTV, LLC*, 2016 WL 1383195, at *6 (N.D. Ill. Apr. 7, 2016) ("[C]laim splitting bars a party from maintaining a suit that arises from the transaction or events underlying a previous suit...and can be applied before either action reaches a final judgment on the merits."); *see also CIVIX-DDI, LLC v. Expedia, Inc.*, 2005 WL 1126906, at *4 (N.D. Ill. May 2, 2005) (collecting cases).

Claim splitting can be raised earlier than other kinds of claim preclusion defenses under *res judicata* because unlike those defenses, which concern the finality of judgments, comity between courts, and the function of the state and federal judicial systems, the rule against claim splitting "'is more concerned with the district court's comprehensive management of its

docket.'" *Telamon Corp. v. Charter Oak Fire Ins. Co.*, 2016 WL 67297, at *2 (S.D. Ind. Jan. 5, 2016, *aff'd* 850 F.3d 866 (7th Cir. 2017)) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). Defendants could have raised claim splitting in either state or federal court the minute that Dunn filed her federal case. Their choice not to do so is why I, twice, found them to have acquiesced to the dual filings. *Dunn*, 832 F. Supp. 3d at 834–37; *Dunn*, 2026 WL 2030078, at *3–*5.

**B. Completeness**

Defendants next argue that they could not have waived their claim splitting defense by failing to raise it while both cases were pending because it would only have applied to some but not all of Dunn's original twelve counts. Thus, they contend that I was mistaken when I wrote "[t]hat Dunn was claim splitting was apparent on the face of her first federal complaint," and that defendants had wasted time by waiting to raise the defense because "a motion on those grounds would have ended the entire case with one straightforward decision." *Dunn*, 2026 WL 2030078, at *5.

Defendants assert that some of Dunn's original claims—all of which I dismissed in January 2026—were about discrimination which had occurred in the course of her employment, and which was thus factually unrelated to the subject matter of her state case, which was focused on her firing. Because *res judicata* applies only where

there is a "common nucleus of operative facts between two proceedings," defendants contend that a *res judicata* defense would only have applied to those counts concerning Dunn's firing, not those about prior discrimination. ECF 51 at 5 (citations omitted). Thus, even if they had raised claim splitting when both cases were pending, such a motion would only have partially disposed of this case and would not have saved judicial resources.

Claim splitting includes the concept of 'merger and bar,' which directs that a litigant is prohibited from bringing in a subsequent case not just those claims which she actually brought in a previous case but any claims she *could* have brought. Illinois courts have a very broad interpretation of merger and bar, finding that it applies to all questions decided in the prior litigation as well as "all questions which might properly have been litigated and determined." *City of Peoria v. Peoria City Lines, Inc.*, 182 N.E.2d 164, 167 (Ill. 1962); *see also Dookeran v. Cnty. of Cook, Ill.*, 719 F.3d 570, 576 (7th Cir. 2013) (collecting cases).

Defendants are right that facts about a discriminatory firing could literally be different from facts about employment discrimination leading up to that firing, but here the two actions are intertwined. Defendants purportedly fired Dunn because she had violated employee policies about doing third-party work while on county time. Dunn's theory of the case at her appeals board hearing

and administrative appeal was that the 'third-party work' accusation was a pretense, and that she had in fact been fired in retaliation for disciplining three younger, non-white employees. *E.g.*, ECF 32-5 at 7–9; ECF 33-3 at 7. Her theory there—as well as in her original complaint in this case—is that she was subjected to discrimination because of that discipline and that the discrimination culminated in her pretextual firing. Given the interconnectedness of Dunn's theories, it would be strange to argue that Dunn's firing and the alleged prior discrimination are so unrelated that Dunn would have had to bring them in two separate proceedings. Certainly, it is hard to imagine, had defendants pressed a claim splitting defense from the beginning, that they would not have pressed it as to all of Dunn's claims.

Finally, even if defendants were correct on this issue, it would not change the fact that their failure to raise the defense earlier wasted time and resources. Defendants contend that the defense would not have applied to every count in Dunn's complaint and thus would not have terminated the entire case at the outset. Because such a motion would not have ended the whole case, they argue, filing such a motion would not have saved time. But it is because defendants failed to raise a dispositive claim splitting defense to some counts, and instead raised insufficiency grounds that were easily curable by amendment, that we are now in the

fourth round of motions practice as to those same counts. This does not serve judicial economy.

### C. Prejudice

Defendants next suggest that I cannot find them to have forfeited an affirmative defense under the federal rules without also finding that the delay in the presentation of the defense has prejudiced the plaintiff. Defendants then use their assertion about forfeiture to make the further statement that "because there is no prejudice to plaintiff, there can be no finding of acquiescence." ECF 58 at 13 (edited for capitalization). They cite for that proposition *Burton v. Ghosh*, 961 F.3d 960, 965 (7th Cir. 2020), writing that "*Burton* makes clear that a finding of forfeiture (or acquiescence) by a defendant of a *res judicata* defense is coterminous with a finding of prejudice to the plaintiff." But *Burton* does not address the question of acquiescence. The word "acquiescence" does not appear anywhere in that opinion. Defendants have not provided any case which backs up their contention.[2] Prejudice is not a prerequisite for acquiescence, and this argument fails.

---

[2] If defendants are arguing by analogy, they should be explicit. This is not the only place their citations follow this pattern, and asserting that a case says something it does not, without so much as a "*see*" or "*cf.*" is not, of course, good practice.

### D. Waiver as to Re-Pled Counts VII and XI

As best I can tell, defendants' final argument is a pure reprise of the positions regarding waiver they took in opposing Dunn's motion to amend and retook in their motion for reconsideration. Their arguments fail for the same reasons that they did the last two times.

## IV.

Defendants' answer to Dunn's amended complaint asserted the same claim splitting defense that, at the time defendants filed their answer, I had already denied twice. Dunn's motion to strike those defenses and defendants' opposition to the motion follow the same lines as the arguments I have just dispensed with, except in one respect, relating to the standard of review in considering a motion to strike.

Under Federal Rule of Procedure 12(f), a party may move to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Dunn has moved to strike these defenses as insufficient, in the sense that I have already determined that the legal theory underlying them is a losing one. "The standard for deciding a motion to strike an affirmative defense as 'insufficient' is the same as for a motion to dismiss a complaint for failure to state a claim." *U.S. S.E.C. v. Sachdeva*, 2011 WL 933967, at *1 (E.D. Wis. Mar. 16, 2011). That is, an

affirmative defense should be stricken if it fails to allege a factually or legally plausible defense. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)).

Dunn's argument as to insufficiency and defendants' opposition are the same as those I just addressed, and on the same basis, I find in Dunn's favor. But defendants raise one other ground. Defendants assert that in addition to the above, a plaintiff's motion to strike should not be granted unless it *also* alleges prejudice. To support that proposition, defendants cite *Norix Group, Inc. v. Correctional Technologies, Inc.*, 2021 WL 5050281, *3–*4 (N.D. Ill. Nov. 1, 2021), and 5C Wright & Miller Fed. Prac. & Proc. Civ. § 1381 (3d ed. 2024). ECF 59 at 4. Defendants' first issue here is that they have cited the wrong section of Wright & Miller. It is Section 1382, not Section 1381, that contains the language that they quote. Their second problem is that both *Norix* and Section 1382 consider not the standard for a motion to strike an insufficient *defense*, but a motion to strike "redundant, immaterial, impertinent, or scandalous" *matter*. Fed.R.Civ.P. 12(f). And while it is true that a court should only strike matter in the interest of 'cleaning up' a pleading if the matter is so poorly pled as to be prejudicial—*Norix*, 2021 WL 5050281, at *4, 5C Wright & Miller Fed. Prac. & Proc. § 1382 (3d ed. 2024)—that requirement does not apply to a motion to strike an

insufficient defense. *E.g.*, 5C Wright & Miller Fed. Prac. & Proc. § 1381 (3d ed. 2024).

**V.**

Defendants' motion is denied. Dunn's motion is granted and any defenses relating to claim splitting in defendants' answer are stricken.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge
Dated: October 21, 2026